**E-Filed 1/14/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JAN MARINI SKIN RESEARCH, INC., | Case Number C 09-4910 JF |
| Plaintiff, | ORDER[1] DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | [re: document no. 11] |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

Plaintiff Jan Marini Skin Research, Inc. ("JMSR") moves to remand the instant action to the Santa Clara Superior Court. The Court has considered the moving and responding papers and concludes that the motion is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the motion will be denied.

JMSR filed this action in the Santa Clara Superior Court on February 26, 2009, asserting a claim for breach of contract against Defendant Federal Express Corporation ("FedEx"). On the same date, JMSR sent a letter to Richard Cocuzzo, vice president of FedEx, enclosing a non-file-marked copy of the complaint and seeking informal discussions to resolve the dispute. On

---

[1] This disposition is not designated for publication in the official reports.

March 26, 2009, JMSR faxed a copy of the February 26, 2009 letter and complaint to Christine Richards, general counsel for FedEx. On April 13, 2009, JMSR engaged in an email exchange with Rusty Phillips ("Phillips"), an in-house attorney for FedEx. JMSR requested that Phillips accept service of the complaint; Phillips stated that he was not authorized to accept service of process for FedEx. JMSR finally served FedEx with the summons and complaint on September 24, 2009. FedEx filed a notice of removal on October 15, 2009, asserting federal jurisdiction based upon diversity of citizenship. The notice of removal states that JMSR is a California corporation, and that FedEx is not a citizen of California but rather is incorporated in Delaware with its principal place of business in Tennessee.

On November 13, 2009, JMSR filed the instant motion to remand on the ground that the notice of removal was untimely. A "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b). In its moving papers, JMSR takes the position that this thirty-day period commenced on February 26, 2009, the date upon which JMSR gave FedEx informal notice of the action. FedEx filed opposition papers quoting the United States Supreme Court's holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999). Because FedEx filed its notice of removal within thirty days after service of the summons and complaint, removal was timely.

JMSR filed a reply brief abandoning its timeliness argument and instead asserting that the notice of removal is fatally defective because it fails to state JMSR's principal place of business and thus fails to establish diversity of citizenship. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of the state of incorporation and of the state in which it has its principal place of business). JMSR relies upon *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525 (1963). In *Bradford*, the petition for removal alleged that the removing defendant was a citizen

of Oregon, and that "on information and belief" none of the other defendants were citizens of California and none of the plaintiffs were citizens of Oregon. The court held that the petition was insufficient to establish diversity of citizenship because "[t]he citizenship of the plaintiffs is alleged not at all, and the allegation as to citizenship of certain of the defendants is made upon information and belief. A petition alleging diversity of citizenship upon information and belief is insufficient." *Bradford*, 217 F. Supp. at 527 (internal citation omitted). The court also held that "a failure to allege the principal place of business of a corporation, in addition to its place of incorporation, completely fails to set forth the required allegations of jurisdiction, and an amendment thereto to set forth such allegations is an amendment of fact rather than a mere correction of a defective form." *Id*. The court refused the removing defendant's request for leave to amend the petition for removal *nunc pro tunc* to allege the necessary facts regarding citizenship of the parties. *Id*.

JMSR was required to raise this defect in the removal procedure within thirty days after the notice of removal was filed. *See* 28 U.S.C. § 1447(c). Although JMSR filed its motion to remand within the thirty-day period, the motion was not based upon FedEx's purported failure to allege JMSR's principal place of business – that issue was not raised until well after expiration of the thirty-day period and thus has been waived. *See Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) (holding that district court lacked authority to remand action when procedural defect was raised not raised in motion to remand, but rather in reply brief that was filed more than thirty days after notice of removal was filed).

Separate and apart from the above reasoning, the Court declines to consider argument raised for the first time in the reply brief. *See Okanogan Highlands Alliance v. Williams*, 236 F.3d 468, 478 n. 4 (9th Cir. 2000).[2]

---

[2] The Court notes that JMSR does not actually deny that it is a citizen of the state of California. The website of the California Secretary of State lists a San Jose, California address for JMSR.

1 **ORDER**

2       Plaintiff's motion to remand is DENIED.  The hearing date is hereby vacated.

3

4

5

6

7 DATED:  1/14/2010

8 _____

9 JEREMY FOGEL
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4